IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GLEN SPEARING MATTHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-CV-8 (MTT) |
| | ) |
| ROBERT R. LONG, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Glen Matthews claims the defendants violated the constitution by committing fraud, negligence, discrimination, and "hate crimes," which he claims caused an excessive sentence. Doc. 1. Under 28 U.S.C. § 1915A, United States Magistrate Judge Thomas Q. Langstaff has conducted a screening of plaintiff Glen Spearing Matthews's complaint and recommends that Matthews's complaint be dismissed for failure to state a claim. Doc. 14. Matthews objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo. Doc. 9.

Matthews's objection does not state specific conclusions or findings to which he objects. Doc. 24. Rather, his objection repeats his claim that the defendants committed fraud against him and asks the Court to order the defendants to "unseal" their records to prove that Matthews is not an armed career criminal. Doc. 24 at 2; *see also* Doc. 1 at 8.

In his objection, Matthews also asks for a lower sentence.[1] *Id.* at 4. Because he does not identify objections to specific findings by the Magistrate Judge, Matthews does not state proper grounds for an objection. *See U.S. v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) ("after a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with"); *See also Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

Nevertheless, the Court has performed a de novo review of the Recommendation and accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 14) is **ADOPTED** and made the Order of the Court. Accordingly, Matthews's complaint (Doc. 1) is **DISMISSED** without prejudice. Additionally, Matthews's motions to state a claim (Docs. 16; 19), motion for court fees (Doc. 17), and motion to appoint counsel (Doc. 18) are **DENIED**.

**SO ORDERED**, this 28th day of October, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] A lower sentence is not a proper remedy for Matthews in this case. First, sentence reduction is not available as a remedy under § 1983. *See Hutcherson v. Riley*, 468 F.3d 750 (11th Cir. 2006) ("Simply put, if the relief sought by the inmate would wither invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."). Second, Matthews already has pending motions before this Court to reduce his criminal sentence.